UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
IN THE SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

vs.

JORDAN RIECK; IAN HOWARD;
AARON KOWALSKI; CRAIG WHITE;
and ROBERT ALLEN McLEAN, in
their individual capacities for monetary
damages; and THE CITY OF MADISON
HEIGHTS, Michigan,

    Defendants.

File No.
HONORABLE MATTHEW F. LEITMAN

_____/

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, Scott Andrew Witzke, *pro se*, states the following for his Complaint:

### I.    JURISDICTION

1.    The Court has subject matter jurisdiction over the instant Complaint pursuant to the provisions of U.S. Const., Amendments IV and XIV; 28 U.S.C. § 1331; and 42 U.S.C. § 1983.  Plaintiff also invokes the pendent jurisdiction of the Court.

1

## II.   VENUE

2. Venue is lies in the Eastern District of Michigan, Southern Division, 28 U.S.C. § 102(a)(1), pursuant to 28 U.S.C. § 1391(b)(1) and (2) based on residency status of each named Defendant and based on the fact that all of the events giving rise to the instant action occurred within the territorial boundaries of the Eastern District of Michigan.

## III.   PARTIES

3. Scott Andrew Witzke, Plaintiff herein, is a United States Citizen and is a resident of the Eastern District of Michigan, Southern Division. Plaintiff Witzke's current mailing address is: SCOTT ANDREW WITZKE, 4163 Super 8 Drive, Luna Pier, MI 48157.

4. Jordan Rieck, Defendant herein, at all times relevant to the instant Complaint upon information and belief was employed as a detective/investigator for the Madison Heights Police Department within its Special Investigations Unit and he is sued in his individual capacity for monetary damages. Defendant Rieck's last known business mailing address is: JORDAN RIECK, c/o Madison Heights Police Department, 280 W. 13 Mile Rd., Madison Heights, MI 48071.

5. Ian Howard, Defendant herein, at all times relevant to the instant Complaint was upon information and belief employed as a road patrol officer for the Madison Heights Police Department and he is sued in his individual capacity

for monetary damages. Defendant Howard's last known business mailing address is: IAN HOWARD, c/o Madison Heights Police Department, 280 W. 13 Mile Rd., Madison Heights, MI 48071.

6. Aaron Kowalski, Defendant herein, at all times relevant to the instant Complaint was upon information and belief employed as a road patrol officer for the Madison Heights Police Department and he is sued in his individual capacity for monetary damages. Defendant Kowalski's last known business mailing address is: Aaron Kowalski, c/o Madison Heights Police Department, 280 W. 13 Mile Rd., Madison Heights, MI 48071.

7. Craig White, Defendant herein, at all times relevant to the instant Complaint was upon information and belief employed as a detective-sergeant for the Madison Heights Police Department in charge of its Special Investigations Unit and he is sued in his individual capacity for monetary damages. Defendant White's last known business mailing address is: CRAIG WHITE, c/o Madison Heights Police Department, 280 W. 13 Mile Rd., Madison Heights, MI 48071.

8. Robert Allen McLean, Defendant herein, at all times relevant to the instant Complaint was upon information and belief employed by the State of Michigan as a Michigan State Trooper and he is sued in his individual capacity for monetary damages. Defendant McLean's last known business mailing address is:

ROBERT ALLEN McLEAN, c/o MSP Metro-North Post, 14350 W. 10 Mile Rd., Oak Park, MI 48237.

9. Defendant City of Madison Heights, Michigan is a chartered municipality (city) in the County of Oakland, State of Michigan. Its City Hall/Clerk is located at 300 W. 13 Mile Rd., Madison Heights, MI 48071.

10. At all times relevant to the instant Complaint each individually named defendant did act under color of state law during the performance of his official duties.

### IV.   STATEMENT OF MATERIAL FACTS

11. On or about July 30, 2019 in the City of Farmington Hills, State of Michigan Defendant McLean, acting in his capacity as a State Trooper, engaged his emergency lights and siren and conducted a traffic stop of Plaintiff.

12. During the traffic stop Defendant McLean placed Plaintiff under arrest for a felony state narcotics violation, probation violation, and receiving and concealing stolen property.

13. After Defendant McLean placed Plaintiff under arrest Plaintiff was taken by Defendant McLean to the Oak Park Michigan State Police ("MSP") Post and Defendant McLean caused Plaintiff to be detained in a holding cell.

4

14. Defendant McLean did not cause Plaintiff to be taken promptly before a judicial officer for arraignment after detaining Plaintiff at the MSP Post; instead, Defendant McLean released Plaintiff from MSP custody.

15. On or about July 30, 2019 after Defendant McLean released Plaintiff from MSP custody Plaintiff was not allowed to leave the MSP Post on his own accord; instead, Defendants Howard and Kowalski caused Plaintiff to be handcuffed and placed into a City of Madison Heights road patrol vehicle and both Defendants Howard and Kowalski proceeded to transport Plaintiff to the City of Madison Heights Police Department. Neither Defendant Kowalski nor Defendant Howard informed Plaintiff why Plaintiff was being forcibly and against his free will being taken into custody by City of Madison Heights Police.

16. Upon arrival at the City of Madison Heights Police Department Plaintiff still was not advised by Defendants Howard or Kowalski as to why Plaintiff was in custody and, although there did not exist a warrant for Plaintiff's arrest Plaintiff was nevertheless "booked" into the City of Madison Heights Police Department. This procedure included Plaintiff being photographed and fingerprinted, Plaintiff's eyeglasses were removed from his person, and Plaintiff eventually being placed into a cell and held incommunicado[1] until on or about August 2, 2019.

---

[1] Although a "collect only" style phone was in the cell it was turned off.

17. After Plaintiff was booked into the City of Madison Heights Police Department, and while Plaintiff was being escorted to the assigned holding cell, Defendant Rieck engaged Plaintiff in a brief conversation and began the conversation by stating that Defendant Rieck was "lead investigator" in a purported "narcotics trafficking operation" which involved hotels at an area of the City of Madison Heights located at 14 Mile Road and Stephenson Hwy.

18. Plaintiff was asked by Defendant Rieck if he would agree to "talk" and cooperate with him regarding the narcotics investigation, and Plaintiff so agreed. The cooperation included waiving *Miranda* rights, consenting to a search of his iPhone, providing truthful information helpful to the investigation, being interviewed by two DEA Agents, and agreeing to "work off" potential charges involving narcotics which Defendant McLean and/or other MSP Troopers found in Plaintiff's possession during the course of the initial traffic stop in the City of Farmington Hills.

19. Defendant White and Defendant Rieck entered into a verbal agreement with Plaintiff which included Plaintiff not being charged with narcotics violations if Plaintiff subsequently provided information which would lead to the making of three drug cases against other persons.

20. Neither Defendant McLean nor any other MSP Troopers were working in conjunction or jointly with Madison Heights Police in their narcotics investigation.

21. Plaintiff was released on or about August 2, 2019 (after Defendants Rieck and White first caused a search warrant to be executed upon individuals based upon information which was provided in part by Plaintiff) without being charged for any crimes which occurred within the territorial jurisdiction of the City of Madison Heights.

22. Plaintiff did provide information to Defendants Rieck and White which did lead to the creation of at least three criminal narcotics cases against other persons.

23. The agreement entered into between Defendants Rieck and White with Plaintiff was not adhered to.

24. On or about October 2, 2019 an arrest warrant was issued charging Plaintiff with a felony state narcotics violation based upon the narcotics which Defendant McLean and other MSP Troopers found during the initial traffic stop in Farmington Hills, and thereafter Plaintiff was subsequently arrested.

25. No probable cause was ever established to charge Plaintiff with any crimes committed within the City of Madison Heights.

26. At all times relevant to the instant Complaint Michigan law required that any promises to not charge a person with a crime can only be made by a prosecuting attorney and, to the best of Plaintiff's knowledge, no prosecuting attorney ever sanctioned the agreement made with Plaintiff by Defendants Rieck and White.

27. Defendant City of Madison Heights knew of, or at least implicitly authorized and/or knowingly acquiesced in conduct of its police officers entering into illegal cooperation agreements with persons to "work off charges."

28. Defendant City of Madison Heights failed in its duty to properly train its police officers to not take persons into custody for mere investigative purposes unwillingly and/or without probable cause to believe that those persons taken into custody had committed a crime.

## V. GROUNDS FOR RELIEF

### Count I

29. Plaintiff realleges and incorporates herein by reference ¶¶ 1-28, *supra.,* as if set forth fully herein.

30. The actions of Defendants McLean, Howard, Kowalski, Rieck, and White caused Plaintiff to be unreasonably seized, in violation of U.S. Const., Amendment IV, as applicable to the states through U.S. Const., Amendment XIV, without the necessary requisite probable cause sufficient to arrest Plaintiff for crime committed after Plaintiff's initial valid arrest and detention by Defendant McLean, and the seizure which resulted in Plaintiff being handcuffed, transported to the City of Madison Heights Police Department, "booked," and held incommunicado from on or about July 30, 2019 through August 2, 2019 was done solely for investigative purposes.

### Count II

31. Plaintiff realleges and incorporates herein by reference ¶¶ 1-28, *supra.,* as if set forth fully herein.

32. The failure of Defendant City of Madison Heights in implicitly authorizing and/or knowingly acquiescing in its police officers engaging in rampant seizures of persons without the requisite probable cause sufficient to arrest those persons for crime committed and solely for investigative purposes in the

name of the "war on drugs," as well as the City Defendant's failure to properly and adequately train and supervise its police officers, caused, in part, Plaintiff's unreasonable seizure on or about July 30, 2019 through on or about August 2, 2019 by Defendants Howard, Kowalski, Rieck, and White.

## Count III

33. Plaintiff realleges and incorporates herein by reference ¶¶ 1-28, *supra.*, as if set forth fully herein.

34. The actions of each named Defendant caused Plaintiff to be falsely imprisoned at the City of Madison Heights Police Department from on or about July 30, 2019 through on or about August 2, 2019, and each named Defendant is liable to Plaintiff for such false imprisonment under Michigan common law.

## VI. RELIEF REQUESTED

**WHEREFORE,** Plaintiff Scott Andrew Witzke, *pro se*, **DEMANDS JUDGMENT** against Defendants individually and collectively for:

A. $1,000,000.00 compensatory and $5,000,000.00 punitive damages;

B. Attorney fees under 42 U.S.C. § 1988 if Plaintiff retains counsel during the course of the proceedings in the case; and

C. Such additional relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: June 7, 2021
/s/ Scott A. Witzke
SCOTT ANDREW WITZKE
Plaintiff, *pro se*

## VERIFICATION

I, Scott Andrew Witzke, this 7th day of June, 2021, declare under penalty for perjury and state that the facts set forth herein are true and correct.

/s/ Scott A. Witzke
SCOTT ANDREW WITZKE

## **JURY DEMAND**

Plaintiff, Scott Andrew Witzke, **HEREBY DEMANDS** trial by jury on the issues of liability and damages.


Dated:  June 7, 2021			*/s/ Scott A. Witzke*_____
					SCOTT ANDREW WITZKE
					Plaintiff, *pro se*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SCOTT ANDREW WITZKE

**DEFENDANTS**
JORDAN RIECK; IAN HOWARD; AARON KOWALSKI; CRAIG WHITE; ROBERT ALLEN McLEAN; and THE CITY OF MADISON HEIGHTS, Micghigan

**(b)** County of Residence of First Listed Plaintiff: MONROE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE
4163 SUPER 8 DR #206
LUNA PIER, MI 48157
734-799-2379

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. sec. 1983

Brief description of cause:
Unreasonable seizure of person/unlawful arrest/false imprisonment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 6,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: MATTHEW F. LEITMAN
DOCKET NUMBER: 4:19-CV-13196

DATE: June 8, 2021
SIGNATURE OF ATTORNEY OF RECORD: /S/ SCOTT A. WITZKE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: U.S. District Court/E.D. Michigan

   Case No.: 4:19-cv-13196

   Judge: MATTHEW F. LEITMAN

   Notes :