UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
IN THE SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

v

JORDAN REICK; IAN HOWARD; AARON KOWALSKI; CRAIG WHITE; and ROBERT ALLEN MCLEAN, in their individual capacities for monetary damages; and THE CITY OF MADISON HEIGHTS, Michigah,

    Defendants.

No. 2:21-CV-11346-DPH-CI

HON. MATTHEW F. LEITMAN

MAG.

| | |
|---|---|
| Scott Andrew Witzke<br>Plaintiff, *In Pro Per*<br>6931 Ball Road<br>Romulus, MI  48174 | Andrew J. Jurgensen (P81123)<br>Assistant Attorney General<br>Attorney for Defendant McLean<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI  48909<br>517.335.7573<br>Jurgensena2@michigan.gov |

                                                                             /

**BRIEF IN SUPPORT OF DEFENDANT ROBERT MCLEAN'S
<u>FED. R. CIV. P. 12(B)(6)</u> MOTION TO DISMISS**

**EXHIBIT A**

Case 4:21-cv-11346-MFL-DRG ECF No. 17-1, PageID.97 Filed 08/27/21 Page 2 of 4

Washington v. Rice, Not Reported in Fed. Supp. (2015)
2015 WL 10434534

2015 WL 10434534
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Ernest WASHINGTON, Plaintiff,
v.
Jaime RICE, Defendant.

Case No. 3:14–cv–01143
|
Filed October 10, 2015

**Attorneys and Law Firms**

Ernest Washington, Nashville, TN, pro se.

Keli J. Oliver, Derrick C. Smith, R. Alex Dickerson, Metropolitan Legal Department, Nashville, TN, for Defendant.

## REPORT AND RECOMMENDATION

E. CLIFTON KNOWLES, United States Magistrate Judge

### I. Introduction

**\*1** This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Docket No. 29. In support of her Motion to Dismiss, Defendant has contemporaneously filed a certified copy of Plaintiff's True Bill and Indictment (Docket No. 29–1), and a Memorandum of Law (Docket No. 30).

Defendant filed the instant Motion and supporting materials arguing that Plaintiff's claims against her should be dismissed because: (1) Plaintiff's guilty plea establishes that probable cause existed to detain or arrest him; (2) the principles of *estoppel* and *res judicata* bar Plaintiff from re-litigating the issue of whether probable cause existed to detain or arrest him; (3) Plaintiff's claim for unconstitutional arrest/imprisonment is not cognizable under the *Heck* doctrine; and (4) Defendant is entitled to qualified immunity. Docket Nos. 29, 30.

Plaintiff has not responded to the instant Motion.

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his Fourth Amendment rights on November 5, 2013, when she detained him without probable cause while she waited for a search warrant. Docket No. 1. In his Amended Complaint, Plaintiff specifically avers as follows:

> Plaintiff Ernest Washington is writing this Motion to State a Claim he was held against his will and search without a search warrant he was held there untill [*sic*] they got a warrant He was held for over two hours by doing so searching him violated his fourth amendment right without a search warrant also he is asking for 10,000 in relief for his fourth amendment being violated.

Docket No. 32.

For the reasons set forth below, the undersigned recommends that the instant Motion to Dismiss be GRANTED, and that Plaintiff's claims be DISMISSED.

### II. Factual Background[1]

On November 5, 2013, upon information that narcotics were being sold at a home located at 1507–A Rosedale, Defendant went to the premises and detained Plaintiff for two and one-half hours while she obtained a warrant to search the house. After obtaining the search warrant, Defendant searched the house, "found some contraband," gave Tony Perkins a citation, arrested Plaintiff, and took Plaintiff to jail.

Plaintiff filed this action on March 8, 2014, alleging that Defendant's detention of him for two and one-half hours while she obtained a search warrant violated his Fourth Amendment rights. On March 21, 2014, Plaintiff was indicted by the Grand Jury. On March 27, 2014, Plaintiff's True Bill was filed in the Criminal Court and contained indictments against Plaintiff for three criminal charges related to the November 5, 2013 arrest: (1) possession of cocaine, (2) possession of marijuana, and (3) possession of drug paraphernalia.

Case 4:21-cv-11346-MFL-DRG ECF No. 17-1, PageID.98 Filed 08/27/21 Page 3 of 4
Washington v. Rice, Not Reported in Fed. Supp. (2015)
2015 WL 10434534

**\*2** On September 29, 2014, Plaintiff pled guilty to Count 2, and was convicted of a Class E felony.

### III. Law and Analysis

A. *Fed.R.Civ.P. 12(b)(6)*

Fed.R.Civ.P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir.2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir.2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.... Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not "show[n]"—"that the pleader is entitled to relief."

> 556 U.S. at 678–79 (citations omitted).

B. *42 U.S.C. § 1983*

Plaintiff alleges violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

**\*3** Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330–331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S.Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

Case 4:21-cv-11346-MFL-DRG ECF No. 17-1, PageID.99 Filed 08/27/21 Page 4 of 4

**Washington v. Rice, Not Reported in Fed. Supp. (2015)**
2015 WL 10434534

*C. The Case at Bar*
As noted above, Plaintiff was indicted on three criminal charges related to the November 5, 2013 arrest: (1) possession of cocaine, (2) possession of marijuana, and (3) possession of drug paraphernalia. Plaintiff pled guilty to Count 2, and was convicted of a Class E felony.

"[I]t has been long settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.' " *Barnes v. Wright,* 449 F.3d 708 (6th Cir.2006). Additionally, the Sixth Circuit has recognized that a guilty plea has a *res judicata* effect on a plaintiff's Fourth Amendment unlawful arrest claim, and has held that a guilty plea bars a plaintiff from filing a [§ 1983](https://...) action re-litigating the issue of whether there was probable cause for the detention or arrest resulting in the charges for which plaintiff plead guilty. *See, e.g.,* [*Daubenmire v. City of Columbus,* 507 F.3d 383, 390 (6th Cir.2007)](https://...); [*Gumble v. Waterford Township,* 171 Fed.App. 502, 507 (6th Cir.2006)](https://...); [*Stemler v. City of Florence,* 126 F.3d 856, 871–72 (6th Cir.1997)](https://...); [*Walker v. Schaeffer,* 854 F.2d 138, 142–43 (6th Cir.1988)](https://...). Accordingly, Plaintiff's guilty plea on Count 2 of the indictment resulting from his November 5, 2013 detention and arrest precludes his unlawful arrest claim in this [§ 1983](https://...) action.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 29) be GRANTED, and that Plaintiff's claims be DISMISSED.

Under [Rule 72(b) of the Federal Rules of Civil Procedure](https://...), any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See* [*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)](https://...), *reh'g denied,* [474 U.S. 1111 (1986)](https://...); [28 U.S.C. § 636(b)(1)](https://...); [Fed.R.Civ.P. 72](https://...).

**All Citations**

Not Reported in Fed. Supp., 2015 WL 10434534

---

### Footnotes

1   The following information is taken from Plaintiff's Complaint, Amended Complaint, True Bill and Indictment, and Criminal Court Judgment / guilty plea. Docket Nos. 1, 32, 29–1, 19, and 19–1. Although the instant Motion is a Motion to Dismiss, the Court can consider the True Bill and Indictment, the Criminal Court Judgment, and Plaintiff's guilty plea without converting the instant Motion to one of Summary Judgment because they are matters of public record; they simply "fill in the contours and details" of the Complaint; and they do not add anything new. *See, e.g.,* [*Lynch v. Leis,* 382 F.3d 642, 648 n. 5 (6th Cir.2004)](https://...); [*Kostrzewa v. City of Troy,* 247 F.3d 633, 644 (6th Cir.2001)](https://...); [*Yeary v. Goodwill Indus. Knoxville, Inc.,* 107 F.3d 443, 445 (6th Cir.1997)](https://...).