UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

v.

JORDAN RIECK, *et al.*,

    Defendants.
_____/

Case No. 21-cv-11346
Hon. Matthew F. Leitman

## **ORDER FOR SUPPLEMENTAL RESPONSE**

In this Section 1983 action, Plaintiff Scott Andrew Witzke, proceeding *pro se*, has brought a claim that he was "unreasonably seized" and then "held incommunicado" for roughly three days in 2019 in violation of the Fourth Amendment. One of the Defendants – Michigan State Police Trooper Robert Allen McLean – has filed a motion to dismiss the claims asserted against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. to Dismiss, ECF No. 17.) In his motion, Trooper McLean argues, in part, that he is entitled to qualified immunity from Witzke's Section 1983 claim.

Witzke responded on October 5, 2021. (*See* Resp., ECF No. 22.) Witzke declined to respond to Trooper McLean's qualified immunity argument on the sole basis that under *Wesley v. Campbell*, 779 F.3d 421 (6th Cir. 2015), it would be

1

inappropriate for this Court to grant a Rule 12(b)(6) motion to dismiss on qualified immunity grounds. In its entirety, Witzke's argument on this issue is as follows:

> Defendant McLean has made an argument that he is entitled to "qualified immunity" because "he did not violate Wtizke's clearly established constitutional rights." (DE 17, PageID No. 88) This argument can be addressed with dispatch here. The Sixth Circuit holds:
>
>> [I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12.
>
> *Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (Quotations, brackets, and citations omitted).

(*Id.*, PageID.131.)

After Witzke filed his response, the Sixth Circuit clarified the language from *Wesley* on which Witzke relies. First, in *Crawford v. Tilley*, 15 F.4th 752, 763 (6th Cir. 2021), decided on October 8, 2021, the Sixth Circuit characterized the above-quoted passage from *Wesley* as "at best imprecise." It explained further that the presumption against resolving qualified immunity defenses at the motion to dismiss stage mentioned in *Wesley* does not "appl[y] to the violation-of-a-constitutional-right prong" of the qualified immunity inquiry. *Id.* at 764. Second, in *Kenjoh Outdoor, LLC v. Marchbanks*, 23 F.4th 686 (6th Cir. 2022), decided on January 11, 2022, the court explained that while the presumption may apply to the clearly

established prong of the inquiry, the presumption "only has bite when the 'clearly established' inquiry turns on 'case-specific details that must be fleshed out in discovery.'" *Kenjoh Outdoor*, 23 F.4th at 695 (quoting *Crawford*, 15 F.4th at 765).

The bottom line from these two cases is that "a complaint distinguishable from [the Sixth Circuit's] past cases on its face will not often survive a motion to dismiss on qualified immunity grounds." *Crawford*, 15 F.4th at 766; *see also Kenjoh Outdoor*, 23 F.4th at 695 ("[I]f the complaint is 'distinguishable from our past cases on its face,' it will not survive a motion to dismiss.") (quoting *Crawford*, 15 F.4th at 765). "This is especially true" in cases where it is "apparent from the complaint that the law was not clearly established because 'not a single judicial opinion' had held the [defendant's] action unconstitutional." *Crawford*, 15 F.4th at 766 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Accordingly, under now-binding Sixth Circuit precedent, Witzke's suggestion that *Wesley* establishes a *per se* bar (or something close to it) on deciding the issue of qualified immunity at the Rule 12(b)(6) phase is misplaced. Because Witzke is proceeding *pro se*, the Court has determined that the most appropriate course of action is to require Witzke to file a supplemental response, **by not later than March 21, 2022**, on the issue of whether Trooper McLean is entitled to qualified immunity on Witzke's claim against him under the Fourth Amendment. In this supplemental response, Witzke shall (1) show how his Complaint against

Trooper McLean is not distinguishable from past cases holding actions like those in which Trooper McLean allegedly engaged to be unconstitutional; and/or (2) demonstrate why the qualified immunity inquiry here turns on the type of "case-specific details that must be fleshed out in discovery." *Kenjoh Outdoor*, 23 F.4th at 695 (quoting *Crawford*, 15 F.4th at 763).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 7, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126