UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

v.

JORDAN RIECK, *et al.*,

    Defendants.

_____/

Case No. 21-cv-11346
Hon. Matthew F. Leitman

### ORDER (1) DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO STAY PROCEEDINGS AND/OR TO ENLARGE TIME TO SUBMIT SUPPLEMENTAL RESPONSE (ECF No. 39); AND (2) EXTENDING TIME TO COMPLY WITH COURT'S ORDERS

On June 9, 2021, Plaintiff Scott Andrew Witzke filed this civil-rights action against several law enforcement officers and the City of Madison Heights arising from a 2019 incident in which Witzke was arrested. (*See* Compl., ECF No. 1.)

Currently pending before the Court are two motions seeking to dispose of Witzke's claims. On August 27, 2021, Defendant Trooper Robert Allen McLean filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (the "McLean Motion"). (*See* Mot., ECF No. 17.) McLean's motion rested, in part, on the basis of qualified immunity. (*See id.*) Witzke responded in opposition (*see* Resp., ECF No. 22), and McLean filed a reply. (*See* Reply, ECF No. 36.)

1

On February 10, 2022, the remaining Defendants – the City of Madison Heights and several officers of the Madison Heights Police Department – filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(b) (the "Madison Heights Motion"). (*See* Mot., ECF No. 35.) Witzke did not timely respond.

This Court has issued two orders pertaining to these motions requiring Witzke's response. With respect to the McLean Motion, on March 7, 2022, this Court ordered Witzke to submit a supplemental brief responding to McLean's qualified immunity argument (the "Supplemental Response Order"). (*See* Supp'l Resp. Order, ECF No. 37.) With respect to the Madison Heights Motion, on March 14, 2022, this Court issued an order requiring Witzke to respond to that motion or risk dismissal for failure to prosecute (the "Show Cause Order"). (*See* Show Cause Order, ECF No. 38.) The Court required Witzke to respond to both orders by March 21, 2022. (*See* Orders, ECF No. 37, 38.)

On March 21, 2022, this Court received Witzke's instant motion for a stay or extension (dated March 14, 2022). (*See* Mot., ECF No. 39.) In his motion, Witzke explains that he was arrested on January 13, 2022 and is now serving a jail sentence that is set to expire on August 25, 2022 (at the latest). (*Id.*, PageID.326.) Witzke claims that, due to his incarceration, he cannot comply with the Court's deadline for

2

his response to the Court's Supplemental Response Order.[1] (*Id.*, PageID.327.) Accordingly, Witzke seeks (1) a stay of proceedings "until on or after August 25, 2022 (or to such earlier date that [WItzke] may be released from jail)"; or, in the alternative, (2) a 60 day extension, under Federal Rule of Civil Procedure 6(b)(1)(A) of his deadline to comply with this Court's Supplemental Response Order . (*See id.*, PageID.325–326.)  Witzke also suggests that this Court "direct the Clerk to forward [Witzke] a paper copy of the [case] file." (*Id.*, PageID.327.)

The Court turns first to Witzke's request for a stay.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court therefore has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

The Court declines to exercise its broad discretion to grant Witzke's request for a stay.  The Court notes that incarcerated individuals litigate cases before this Court every day.  Thus, it does not believe that Witzke's recent incarceration warrants a potentially five-month stay of this action.

---

[1] The Court assumes that Witzke had not yet seen the Show Cause Order by the time he sent the instant motion, as this motion is dated the same day on which that Order was filed.

That said, the Court recognizes that Witzke's circumstances have changed. Therefore, it will **GRANT** Witzke's request for an extension. However, the Court will require Witzke to respond to **both** the Supplemental Response Order and the Show Cause Order. Moreover, the Court will **DENY** Witzke's request that it order the Clerk to send Witzke paper copies of the case file. The docket is a public record, and Witzke can have a friend or family member assist him in accessing any files that he may need. The Court does not routinely require the Clerk to send entire copies of courts files to incarcerated inmates. Accordingly, **IT IS HEREBY ORDERED THAT**:

- Witzke's request for a stay is **DENIED** for the reasons provided above.

- Witzke's request for an extension is **GRANTED**. By **not later than May 31, 2022**, Witzke shall file: (1) a supplemental response to the McLean Motion, pursuant to the Court's Supplemental Response Order (ECF No. 37); **and** (2) a response to the Madison Heights Motion, as required by the Show Cause Order (ECF No. 38).

- Witzke's failure to meet the deadlines set forth in this order may lead to the granting of the pending motions and the dismissal of his claims.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
