UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,
                                                              Case No. 21-cv-11346
                                                              Hon. Matthew F. Leitman
v.

JORDAN RIECK, *et al.*,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 35)

In this action, Plaintiff Scott Andrew Witzke, proceeding *pro se*, brings claims under 42 U.S.C. § 1983 against a Michigan State Trooper, several law enforcement officers employed by the City of Madison Heights Police Department (Ian Howard, Aaron Kowalski, Craig White, and Jordan Rieck), and the City of Madison Heights. His claims arise out of his arrest by the State Trooper in 2019. As relevant here, Witzke alleges that, after he was arrested, (1) the State Trooper unlawfully turned him over to certain officers from the Madison Heights Police Department, and (2) he was then unlawfully detained and not timely brought before a judicial officer. Witzke is seeking compensatory and punitive damages.

On February 10, 2022, the City of Madison Heights and its officers who have been named as Defendants in this action (collectively, the "Madison Heights Defendants") filed the instant motion for judgment on the pleadings pursuant to

1

Federal Rule of Civil Procedure 12(c). (*See* Mot., ECF No. 35.) In their motion, the Madison Heights Defendants argue that a dismissal order entered by this Court in a prior civil action – *Witzke v. Cooper et al.*, No. 19-13196 (the "*Cooper* Action") – bars Witzke's claims against them under the doctrine of *res judicata*. (*See id.*) The *Cooper* Action, like this action, contained allegations relating to Witzke's 2019 arrest and subsequent detention by officers from the Madison Heights Police Department. (*See Cooper* Action Compl., ECF No. 35-2 at ¶¶ 10–11, PageID.189.) In the *Cooper* Action, Witzke alleged that following his arrest, he made a deal to cooperate with law enforcement officers in their investigations into possible drug dealing, and he claimed that the defendants (in the *Cooper* Action) breached that deal and violated his constitutional rights when they charged him with crimes even though he had provided his promised cooperation. (*See id.* at ¶¶ 13–14, 26–27, PageID.190, 193.) Ultimately, this Court entered a Stipulated Order of Dismissal with Prejudice dismissing Witzke's claims in the *Cooper* Action. (*See Cooper* Action Stip. Order, ECF No. 35-7.) The Madison Heights Defendants now contend that the dismissal in the *Cooper* Action bars Witzke's present action against them. (*See* Mot., ECF No. 35.)

      Witzke responded on May 2, 2022. (*See* Resp., ECF No. 48.) Witzke asserts that the dismissal order in the *Cooper* Action does not bar his current claims because his claims in the *Cooper Action* were not yet ripe when the Court dismissed them

2

and were thus not adjudicated on the merits by the dismissal order. (*See id.*) Witzke argues that since the dismissal order was not an adjudication on the merits, it lacks preclusive effect under the doctrine of *res judicata*. (*See id.*)

The Court is not persuaded by Witzke's argument. He has not shown that his claims in the *Cooper* Action were not ripe when the Court dismissed them. Nonetheless, for the reasons described below, the Court is not yet persuaded that *res judicata* bars Witzke's claims against the Madison Heights Defendants and will **DENY WITHOUT PREJUDICE** the instant motion. (ECF No. 35).

The preclusive effect of the dismissal order in the *Cooper* Action is determined under federal law because the *Cooper* Action was a federal action in which Witzke asserted only federal claims.[1] *Coleman v. Martin*, 363 F. Supp. 2d 894, 901 (E.D. Mich. 2005) ("Federal *res judicata* applies here because Plaintiff's earlier suit involved a federal claim that resulted in a federal judgment."). Under federal *res judicata* principles, a dismissal on the merits in a civil action bars claims in a subsequent action only where, among other things, the two actions are "between the same parties or their privies." *Trs. of Operating Eng'rs Local 324 Pension Fund*

---

[1] For the same reason, the Court is not required to apply Michigan's *res judicata* principles because a state court judgment is not at issue. *Cf. Bates v. Twp. of Van Buren*, 459 F.3d 731, 734 (6th Cir. 2006) ("The 'Full Faith and Credit statute,' 28 U.S.C. § 1738, requires federal courts in a § 1983 action to give *state court judgments* the same preclusive effect those judgments would have in the rendering state's courts.") (emphasis added).

3

v. *Bourdow Cont., Inc.*, 919 F.3d 368, 380 (6th Cir. 2019) (quoting *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002)). The Madison Heights Defendants have not yet convinced the Court that this element is satisfied here.

Here's why. In the *Cooper Action*, Witzke sued three defendants: (1) Jessica R. Cooper, then-Oakland County Prosecutor; (2) Judge Marla E. Parker of Michigan's 47th District Court; and (3) Rieck who is also named in the present action. (*See Cooper* Action Compl. at ¶¶ 4–6, ECF No. 35-2, PageID.188–189.) Critically, he sued those defendants only in their *official* capacities. (*See id.* at ¶ 7, PageID.189.) And official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, the *Cooper* Action should generally be "treated as" a suit against the governmental entities for which the defendants in that case worked. *Id. See also Shorts v. Bartholomew*, 255 F. App'x 46, 57 (6th Cir. 2007) ("Suits against [municipal] officials in their official capacity therefore should be treated as suits against the [municipality]"). Stated another way, the *Cooper* Action should be treated as a suit against Oakland County (Cooper's then-employer), the 47th District Court for the State of Michigan (Judge Parker's employer), and the City of Madison Heights (Rieck's employer).

Because the individual officers from the Madison Heights Police Department who have been named as Defendants (in their individual capacities) in this action were not parties to the Cooper Action,[2] they may assert a *res judicata* defense based upon the dismissal order in that action only if, among other things, they are privies of the parties in the *Cooper* Action.  The Madison Heights Defendants have not yet demonstrated that the individual officers should be deemed to be privies of the defendants in the *Cooper* Action.  The relevant analysis offered by the Madison Heights Defendants in the present motion focuses solely on Jordan Rieck's status as a defendant in the *Cooper* Action.  The Madison Heights Defendants contend that the individual Defendants in this action are Rieck's privies with respect to the *Cooper* Action.  Critically, however, the Madison Heights Defendants' analysis does not address the impact, if any, of the fact that Rieck was named as a defendant only in his *official* capacity in the *Cooper* Action.  Moreover, the primary authority relied on by the Madison Heights Defendants for their privity analysis reflects the *res judicata* principles applicable to Michigan state court judgments. (*See* Mot., ECF No. 35, PageID.178.)  But, as noted above, the *Cooper* Action dismissal was a

---

[2] As noted above, Jordan Rieck, one of the Madison Heights officers named as a Defendant in this action, was named as a defendant in the *Cooper* Action.  But as further noted above, in that action Witzke sued Rieck only in Rieck's official capacity.  For the purposes of *res judicata*, "suing a state official in [his] official capacity is not the same as suing [him] in [his] individual capacity." *Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 375 (6th Cir. 2007).

federal judgment on Witzke's federal claims, and thus federal principles govern its preclusive effect. *See Coleman*, 363 F. Supp. 2d at 901.

For at least these reasons, the Court cannot yet confidently conclude that the individual Madison Heights officers named as Defendants here may invoke the defense of *res judicata* based upon the dismissal order in the *Cooper* Action. Instead, the Court determines that the best and most efficient course of action is to **DENY WITHOUT PREJUDICE** the Madison Heights Defendants' motion for judgment on the pleadings (ECF No. 35) and, at the same time, to **GRANT LEAVE** to the Madison Heights Defendants to renew their *res judicata* arguments in another motion under Rule 12(c). If the Madison Heights Defendants file a renewed motion, that motion should: (1) fully develop and present their *res judicata* analysis and arguments, and (2) address specifically the following topics:

- Whether the Madison Heights Defendants are the same parties as, or are the privies of, the *Cooper* Action defendants, in light of the fact that the officers named as Defendants in this action are named in their individual capacities, and the defendants in the *Cooper* Action were named in their official capacities,

- Identify with precision the *overlapping* "transaction or series of transactions" or "core of operative facts," *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008), from which the claims in the *Cooper* Action and those in this action *both* arise. If Witzke's 2019 arrest is one of the allegedly overlapping transactions or facts, the motion should explain how Witzke's claims in the *Cooper* Action arose from that arrest for purposes of a *res judicata* analysis;

- Whether the application of federal *res judicata* principles – rather than the *res judicata* principles under Michigan state law – alters the Court's analysis, *see, e.g., Hemelberg v. City of Fraser*, 2019 WL 247228, at *5, n.1 (E.D. Mich. Jan. 17, 2019) ("The federal law regarding principles of privity under *res judicata* is narrower than Michigan law."); and

- Whether other federal courts have found *res judicata* to operate as a bar in circumstances similar to those present here. By way of example, the Madison Heights Defendants' motion should address whether other federal courts have held as a matter of federal *res judicata* law that an employee of an agency or municipality is a privy of that agency or municipality.

This course of action will give the Madison Heights Defendants the opportunity to comprehensively address the *res judicata* issue – and the Court's concerns – without needless delay. At the same time, it will give Witzke a chance to adequately respond to the merits of the Madison Heights Defendants' arguments and to address the issues identified by the Court above. The Court will then be able to address the *res judicata* issue with the aid of a full round of briefing.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: June 13, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 13, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126