UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

      Plaintiff,

v.

JORDAN RIECK, *et al.*,

      Defendants.

Case No. 21-cv-11346
Hon. Matthew F. Leitman

_____/

## ORDER DENYING DEFENDANTS' RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 56)

In this action, Plaintiff Scott Andrew Witzke brings claims under 42 U.S.C. § 1983 against four Madison Heights Police Officers in their individual capacities: Jordan Rieck, Ian Howard, Aaron Kowalski, and Craig White (collectively, the "Officer Defendants"). The Officer Defendants have now filed a renewed motion for judgment on the pleadings. For the reasons explained below, the motion is **DENIED**.

**I**

**A**

The Court has previously described Witzke's allegations at length. (*See* Order, ECF No. 54, PageID.514-516.) In brief summary, Witzke's version of events is as follows.

On July 30, 2019, Michigan State Trooper Robert Allen McLean conducted a traffic stop of Witzke's vehicle in Farmington Hills, Michigan. (*See* Compl. at ¶ 11, ECF No. 1, PageID.4.)  McLean then validly arrested Witzke "for a felony state narcotics violation, probation violation, and receiving and concealing stolen property." (*Id.* at ¶¶ 12, 30, PageID.4, 9.)

"[A]fter McLean released [Witzke] from [Michigan State Police] custody," two officers with the Madison Heights Police Department (the "MHPD"), Defendants Howard and Kowalski, "handcuffed [Witzke] and placed [him] into a City of Madison Heights road patrol vehicle." (*Id.* at ¶ 15, PageID.5.)  "Neither Kowalski nor Howard informed [Witzke] why he was being […] taken into custody by the City of Madison Heights Police." (*Id.*)  Moreover, Kowalski and Howard took Witzke into custody even though, according to Witzke, they had "[n]o probable cause […] to charge [Witzke] with any crimes committed within the City of Madison Heights." (*Id.* at ¶ 25, PageID.7.)

After Kowalski and Howard took Witzke into custody, they transported Witzke to the Madison Heights Police Department and "'booked' [him] into that facility." (*Id.* at ¶¶ 15, 16, PageID.5.)  Witzke was then held "incommunicado" for three days, until August 2, 2019. (*Id.* at ¶ 16, PageID.5.)

While Witzke was in custody, Defendant Rieck, a detective with the MHPD, offered Witzke the opportunity to cooperate with an ongoing investigation into a

narcotics trafficking operation. (*See id.* at ¶¶ 17–18, PageID.6.) Witzke accepted the offer. He entered into a "verbal agreement" to help "mak[e …] three drug cases against other persons." (*Id.* at ¶ 19, PageID.6.) In exchange, Rieck and Defendant White, another MHPD detective, agreed that Witzke would "not be[] charged with narcotics violations." (*Id.*)

Witzke says he lived up to his end of the deal, but Rieck and White did not. (*See id.* at ¶¶ 22, 23, PageID.7.) Witzke claims that even though he cooperated as promised, he was nonetheless charged with narcotics violations on or about October 2, 2019. (*See id.* at ¶ 24, PageID.7.) A felony warrant for Witzke's arrest was issued that same day. (*See id.*)

**B**

Witzke filed two civil actions in this Court related to his arrest and prosecution. First, on October 30, 2019, Witzke brought suit against (1) Rieck, (2) Jessica R. Cooper, the then-Oakland County Prosecutor, and (3) Judge Marla E. Parker of Michigan's 47th District Court. (*See Witzke v. Cooper*, E.D. Mich. Civil Action No. 19-13196, the "*Cooper* Action"). He sued all three Defendants in the *Cooper* Action in their official capacities only; he did not bring any claims against them in their individual capacities. In his request for relief in the *Cooper* Action, Witzke sought an injunction prohibiting the defendants in that case from executing the felony arrest warrant that was issued against him on October 2, 2019. (*See*

3

Complaint in the *Cooper* Action, ECF No. 56-2, PageID.609.)  Witzke stipulated to the dismissal of the *Cooper* Action with prejudice on December 12, 2019, and the Court entered an order dismissing that action with prejudice that same day. (*See* Stipulated Order of Dismissal in the *Cooper* Action, ECF No. 56-7.)

Second, Witzke filed this civil action on June 9, 2021. (*See* Compl., ECF No. 1.)  Here, Witzke brings two claims against the Officer Defendants in their individual capacities.[1] (*See id.* at ¶¶ 4-7, PageID.2-3.)  In Count I, Witzke alleges, among other things, that the Officer Defendants "caused [him] to be unreasonably seized, in violation of U.S. Const., Amendment IV […] and held incommunicado from on or about July 30, 2019 through August 2, 2019." (*Id.* at ¶ 30, PageID.9.).  In Count III, Witzke alleges that the Officer Defendants "caused [him] to be falsely imprisoned at the City of Madison Heights Police Department from on or about July 30, 2019 through on or about August 2, 2019." (*Id.* at ¶ 34, PageID.10.)  As relief, Witzke seeks $1,000,000 in compensatory damages and $5,000,000 in punitive damages. (*See id.*, PageID.11.)

---

[1] Witzke also brought claims against the Michigan State Trooper who arrested him and the City of Madison Heights.  Those claims have since been dismissed. (*See* Orders, ECF Nos. 54, 67.)

4

## C

On February 10, 2022, the Officer Defendants filed a motion for judgment on the pleadings. (*See* Mot., ECF No. 35.)   The Court denied the motion without prejudice on June 13, 2022. (*See* Order, ECF No. 52.)   The Officer Defendants renewed their motion on July 20, 2022. (*See* Mot., ECF No. 56.)   In the renewed motion, the Officer Defendants argue that Witzke's claims are barred by the doctrine of *res judicata*.[2] (*See id.*)   The Court concludes that it may resolve the motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

## II

The   Officer   Defendants   have   moved   for   judgment   on   the pleadings under Federal Rule of Civil Procedure 12(c).   A Rule 12(c) motion is governed by the same standards applicable to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Lindsay v. Yates,* 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same").   Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).   "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint

---

[2] In their reply brief, the Officer Defendants argue that the Court should grant their motion because Witzke's response to the motion was untimely. (*See* Reply, ECF No. 62, PageID.760.)   The Court declines to grant the motion on that basis.   Accordingly, the Court **TERMINATES AS MOOT** Witzke's motion to file a sur-reply addressing that argument. (*See* Witzke Mot., ECF No. 64.)

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007)).   A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).  When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001).   "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664.  A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly,* 550 U.S. at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III

### A

In their motion for judgment on the pleadings, the Officer Defendants contend that the dismissal order in the *Cooper* Action bars Witzke's claims against them here under the doctrine of *res judicata*.  The preclusive effect of the dismissal order in the *Cooper* Action is determined under federal law because the *Cooper* Action was a

federal action in which Witzke asserted only federal claims. *See Coleman v. Martin*, 363 F.Supp.2d 894, 901 (E.D. Mich. 2005) ("Federal *res judicata* applies here because Plaintiff's earlier suit involved a federal claim that resulted in a federal judgment.")   The Sixth Circuit has described the application of federal claim preclusion as follows:

> Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit.   Claim preclusion only arises, however, in the presence of the following four elements: (1) where the prior decision was a final decision on the merits; (2) where the present action is between the same parties or their privies as those to the prior action; (3) where the claim in a present action should have been litigated in the prior action; and (4) where an identity exists between the prior and present actions.

*Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (internal citations omitted).

## B

The resolution of the Officer Defendants' *res judicata* defense turns on whether "the present action is between the same parties or their privies as those to the prior action." *Id.*   The Officer Defendants insist that this action and the *Cooper* Action involve the same parties because (1) Rieck was named as a defendant in both suits and (2) the other Officer Defendants are in privity with Rieck. (*See* Mot., ECF No. 56, PageID.581-589.)   Witzke counters that the parties differ – and that his

7

claims against the Officer Defendants are therefore not barred by *res judicata* – because Rieck was sued in different capacities in the two actions. As noted above, Witzke sued Rieck only in his official capacity in the *Cooper* Action, and Witzke sues Rieck here only in his individual capacity. The Court agrees with Witzke. Because Witzke sued Rieck in different capacities in the two actions, the parties to the actions differ even though Rieck was named as a defendant in both suits.

The Sixth Circuit's published decision in *Mitchell*, *supra*, compels this conclusion. The plaintiff in *Mitchell* filed a first civil action against his employer, the United States Postal Service (the "USPS"), and Glenn Chapman, the Postmaster General, in Chapman's official capacity. *See Mitchell*, 343 F.3d at 817. The plaintiff's "complaint sought relief predicated on two events: (1) the defendants' purported refusal of his request to return to letter carrier duties with the accommodation of a waist harness; and (2) his transfer to a lesser-paying clerk's position after requesting leave" under the Family and Medical Leave Act. *Id.* "The district court granted summary judgment in favor of the defendants" on those claims. *Id.* "Nearly a year later," the plaintiff filed a second suit against the USPS, Chapman, and several other defendants. *Id.* In that second action, the plaintiff re-asserted some of his initial claims (and raised additional new claims). *See id.* But, importantly, unlike his first action, in the second suit, the plaintiff brought claims against the defendants in their individual capacities. *See id.* at 818.

8

On appeal, the Sixth Circuit rejected the defendants' argument that "the judgment in *Mitchell I* preclude[d] the individual capacity claims [in plaintiff's second suit] because Chapman [and the other individual defendants] were in privity with the USPS." *Id.* at 823. It explained that under the "rule of differing capacities," the judgment in the first action did not bar the plaintiff's claims in the second action because the plaintiff sued the Postmaster General in his official capacity in the first action and in his individual capacity in the second:

> In the context of claim preclusion, "privity ... means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prods., Inc. v. Heller*, 973 F.2d 474, 481 (6th Cir. 1992). The Appellees fail to acknowledge, however, that the rule of differing capacities provides that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Restatement Second of Judgments § 36(2) (1982). *The rule of differing capacities generally operates to allow a subsequent individual capacity suit against a governmental official even where a prior suit alleged an official capacity claim against the same official. See Wilkins*, 183 F.3d at 534–35 (recognizing the distinction between individual and official capacity claims and applying the rule of differing capacities—albeit without explicitly referring to the rule); *see also Warnock v. Pecos County*, 116 F.3d 776 (5th Cir. 1997) (holding that a prior suit against a municipality does not bar a later suit against local officials in their individual capacity); *Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir.) (holding that a prior suit against a municipality does not bar a subsequent suit against officials individually because official capacity and personal capacity suits involve

9

> different legal theories and defenses), *cert. denied*, 488
> U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 118 (1988); *Headley
> v. Bacon*, 828 F.2d 1272, 1277–79 (8th Cir. 1987)
> (distinguishing privity between principal and agent from
> privity between a governmental entity and officials sued
> in their individual capacities). *See also Howell
> Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir.
> 1990) ("*Res judicata* does not apply when the parties
> appear in one action in a representative capacity and in a
> subsequent action in an individual capacity.").
>
> The rule of differing capacities therefore enables [the
> plaintiff] to assert individual capacity claims against
> Chapman [and the other individual defendants].

*Id.* (emphasis added).  The same principles apply here.  Because the *Cooper* Action

was brought against Rieck solely in his *official* capacity, it does not bar Witzke's

claims here against the Officer Defendants in their *individual* capacities.

The Officer Defendants raise two primary counter-arguments in support of

their position that claim preclusion applies here, but neither persuades the Court to

enter judgement against Witzke.  The Officer Defendants first argue that even

though Witzke named Rieck as a defendant in his official capacity in the *Cooper*

Action, "the substance of the allegations against [] Rieck [in that case] make[] clear

that he was being sued […] in his individual capacity." (Mot., ECF No. 56,

PageID.582.)  Thus, Defendants contend, the Court should treat the *Cooper* Action

as if it asserted individual-capacity claims against Rieck. (*See id.*)  But the Court

cannot accept that argument because Witzke "is ultimately the master of his

complaint and he explicitly indicated that he intended to sue [Rieck] in his [official]

capacity." *Clemons v. DeWine*, 2019 WL 7567197, at *2 (6th Cir. May 1, 2019) (rejecting argument that plaintiff had sued the Governor of Ohio in his official capacity where plaintiff expressly "sued [the Governor] in his 'Individual Capacity as Governor'").

The Officer Defendants further argue that "the differing capacities rule is not 'iron clad.'" (Mot., ECF No. 56, PageID.584-589.)  In support of that principle, they cite several unpublished cases where Judges on this Court have held that the dismissal of an official capacity claim in one action barred an individual capacity claim in a second action.  But the Officer Defendants have not sufficiently explained how those decisions can be reconciled with the published, on-point decision in *Mitchell*.  This Court must follow *Mitchell*.

## IV

For all of the reasons explained above, the Officer Defendants' motion for judgment on the pleadings (ECF No. 56) is **DENIED**.

**IT IS SO ORDERED**.

                                                   s/Matthew F. Leitman
                                                   MATTHEW F. LEITMAN
                                                   UNITED STATES DISTRICT JUDGE

Dated:  January 9, 2023

11

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126