

Document:  Joseph v. Ford Motor Co., 2009 U.S. Dist. LEXIS 138190                                                Actions

      Page  

 **Joseph v. Ford Motor Co., 2009 U.S. Dist. LEXIS 138190**

**Copy Citation**

United States District Court for the Eastern District of Michigan, Southern Division

September 30, 2009, Decided; September 30, 2009, Filed

Case No. 06-10274

**Reporter**
2009 U.S. Dist. LEXIS 138190 * | 2009 WL 10680506

DAVID JOSEPH, ROBERT MACIASZ, ANTHONY MANDERACHIA, DENNIS SOKOLA, EDWARD TUTTLE, and WILLIE E. WORTHEN, individual Michigan citizens, Plaintiffs, v. FORD MOTOR COMPANY, a Michigan domestic profit corporation, Defendant.

**Subsequent History:** Summary judgment denied by Joseph v. Ford Motor Co., 2009 U.S. Dist. LEXIS 95042 ( E.D. Mich., Oct. 13, 2009)

**Prior History:** Joseph v. Ford Motor Co., 2007 U.S. Dist. LEXIS 26274 ( E.D. Mich., Apr. 10, 2007)

## Core Terms

responses, affirmative defense, legal conclusion, allegations

**Counsel:** [*1] For David Joseph, Robert Maciasz, Anthony Manderachia, Dennis Szokola, Edward Tuttle, Willie E. Worthen, Plaintiffs: David M. Blanchard, LEAD ATTORNEY, Blanchard & Walker, PLLC, Ann Arbor, MI USA; David A. Nacht, LEAD ATTORNEY, Nacht, Roumel, Salvatore, Blanchard & Walker, P.C., Ann Arbor, MI USA; Jennifer B. Salvatore, Salvatore Prescott, PLLC, Northville, MI USA.

For Ford Motor Company, Defendant: Erin J. Kerber, Credit Acceptance Corporation, Southfield, MI USA; Jennifer L. Newby, U.S. Attorney, Detroit, MI USA; Kathryn S. Wood, Dickinson Wright, Troy, MI USA; Timothy H. Howlett, Dickinson Wright, Detroit, MI USA.

**Judges:** HONORABLE Denise Page Hood, United States District Judge.

**Opinion by:** Denise Page Hood

## Opinion

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE CERTAIN PARAGRAPHS AND AFFIRMATIVE DEFENSES TO DEFENDANT FORD MOTOR COMPANY'S ANSWER TO AMENDED COMPLAINT**

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Strike Certain Paragraphs and Affirmative Defenses to Defendant Ford Motor Company's Answer **[Docket No. 97, filed September 26, 2008]**. Defendant Ford Motor Company filed a Response

**[Docket No. 101, filed October 20, 2008]**, to which the Plaintiffs filed a Reply **[Docket No. 115, filed [*2] October 29, 2008]**.

## II. STATEMENT OF FACTS

Plaintiffs David Joseph, Robert Maciasz, Anthony Manderachia, Dennis Szokola, Edward Tuttle and Willie E. Worthen are current employees of Severstal Corporation at the Rouge Steel facility. Plaintiffs were hired by Defendant Ford Motor Company ("Ford") between 1971 and 1973. (Compl. ¶ 9). Plaintiffs allege that their retirement plan benefits are "in jeopardy" as a result of the Rouge Steel bankruptcy and asset sale to the Severstal Corporation. (Compl. ¶ 3).

Plaintiffs' Third Amended Complaint alleges: (1) breach of the collective bargaining agreement, in violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (LMRA); and (2) interference with benefits, in violation of § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140.

## III. LAW & ANALYSIS

Plaintiffs, in their Motion to Strike Certain Paragraphs and Affirmative Defenses to Ford Motor Company's Answer, take issue with Ford's Answer to the Third Amended Complaint. Relying on Federal Rules of Civil Procedure 8(b) and 12, Plaintiffs claim that Ford failed to "properly respond to 59 out of 81 numbered allegations (72.8%) in the Third Amended Complaint." (Pls.' Mot. to Strike, p.1). More specifically, Plaintiffs challenge **[*3]** the following responses proffered by Ford, which include that the document or testimony "speaks for itself," the allegation "states a legal conclusion," and that Ford "lacks sufficient information." Based upon these responses, Plaintiffs urge this Court to: (1) deem as admitted any response that states "calls for a legal conclusion;" (2) deem as admitted any response that infers that the documents "speak for themselves;" (3) deem as admitted any response which claims a "lack of knowledge," but does not so provide a good faith basis for the evasive answer; and (4) strike any affirmative defenses that fail to adhere to the rules by stating a short and plain statement on which relief can be granted pursuant to Fed. R. Civ. P. 12(f). (*Id.*, p.5). In response, Ford claims that the instant motion is disingenuous, sanctionable, and that most of Plaintiffs' contentions have no factual or precedential support.

The substance of the instant dispute goes directly to the heart of Federal Rule of Civil Procedure 8(b), which in pertinent part provides:

> **(b) Defenses; Admissions and Denials**.
>
> **(1) *In General*.** In responding to a pleading, a party must:
>
> **(A)** state in short and plain terms its defenses to each claim asserted against it; and
>
> **(B)** admit or deny the allegations **[*4]** asserted against it by an opposing party.
>
> **(2) *Denials - Responding to the Substance*.** A denial must fairly respond to the substance of the allegation.
>
> **(3) *General and Specific Denials*.** A party that intends in good faith to deny all the allegations of a pleading - including the jurisdictional grounds - may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>
> **(4) *Denying Part of an Allegation*.** A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>
> **(5) *Lacking Knowledge or Information*.** A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
>
> **(6) *Effect of Failing to Deny*.** An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied and avoided.

Fed. R. Civ. P. 8(b)(1)-(6). The Plaintiffs divide their challenges into four types of responses **[*5]** made by Ford: (1) the Defendant lacks knowledge or information; (2) the responses call for a legal conclusion; (3) the documents or testimony "speak for themselves;" and (4) certain affirmative defenses that it believes are a sham.

Twenty-one of Ford's challenged responses rely upon Rule 8(b)(5), which permits a party that "lacks knowledge or information sufficient to form a belief about the truth of an allegation" to so indicate in its response. Fed. R. Civ. P. 8(b)(5). It is hornbook law that a statement to the effect that one has insufficient knowledge to form belief about the truth of an allegation is treated

1/16/23, 11:40 PM                    Joseph v. Ford Motor Co., 2009 U.S. Dist. LEXIS 138190

Case 4:21-cv-11346-MFL-DRG   ECF No. 72-4, PageID.974   Filed 01/16/23   Page 3 of 3

as a denial. *Id.*; McHenry v. Ford Motor Co., 269 F.2d 18, 23 (6th Cir. 1959); Forts v. Ward, 566 F.2d 849, 853 (2d Cir. 1977) (citing 5 C. Wright & A. Miller, Federal Practice and Procedures 1262 (1969)). "If an allegation of the complaint does in fact come as a surprise to a defendant, Rule 8(b), Fed. R. Civ. P., permits him to deny the allegation by averring he is without knowledge or information sufficient to form a belief as to the truth of the allegation." Equal Employment Opportunity Comm'n v. Wah Chang Albany Corp., 499 F.2d 187, 190 (9th Cir. 1974). "A party, however, may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading." David v. Crompton & Knowles Corp., 58 F.R.D. 444, 446 (E.D. Pa. 1973) (citing 2A J. Moore, Federal Practice para. 8.22 (1968)). Consequently, certain averments may be deemed admitted when the matter is obviously **[*6]** one as to which the defendant has knowledge or information. Mesirow v. Duggan, 240 F.2d 751, 756-57 (8th Cir. 1957). Plaintiffs question the sincerity of Ford's "lack of knowledge" on the following responses: 3, 10-12, 15, 19, 21-23, 39, 40, 41, 43 - 45, 51, 59-62, and 71. Without ruling on the veracity of Defendant's answer to each paragraph, the Court finds that, consistent with Rule 8(b)(5), Defendants must respond to each paragraph in Plaintiffs' complaint for which Defendant has knowledge or information.

Plaintiffs also challenge all of the responses which indicate that the allegation calls for a "legal conclusion." Responses of this nature accounted for 14 of those challenged by the Plaintiffs. Indeed, the response of "calls for a legal conclusion," however common, does not fall within the well-defined ambit of those approved by Rule 8. Farrell v. Pike, 342 F. Supp. 2d 433, 440 (M.D.N.C. 2004). Options afforded under this Rule should not exceed: admit, deny, or lack information to form a sufficient belief. Fed. R. Civ. P. 8; State Farm Mutual Automobile Insurance v. Riley, 199 F.R.D. 276, 278 (N.D. Ill 2001) ("[The response of 'calls for a legal conclusion'] of course violates the express Rule 8(b) requirement that *all* allegations must be responded to. But perhaps even more importantly, it disregards established law from the highest authority on down that legal conclusions are an integral part of the federal notice **[*7]** pleading regime.") Similarly, Plaintiffs challenged 19 responses that indicated that the document and testimony "speaks for themselves." Rule 8(b) does not permit such a response. Riley, 199 F.R.D. at 279 ("Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document 'speaks for itself.'"). The Court finds that Defendant must answer each paragraph of Plaintiffs' complaint in accordance with the requirements set forth in Rule 8(b).

In regards to Plaintiffs' attempt to strike purportedly false affirmative defenses, the Court turns to 12(f)(2), which provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act... on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f)(2). Under the instant circumstances, Plaintiffs have gone beyond the period provided to bring the instant motion. The Third Amended Complaint **[Docket No. 95]**, was filed on August 4, 2008, **[*8]** and pursuant to Rule 12(f)(2), the Plaintiffs had until August 25, 2008, to bring the instant motion. Instead, Plaintiffs brought the motion on September 26, 2008. Nonetheless, the Court has considered the motion before it, as there was no prejudice to the Defendants in doing so. The Court finds that Defendants must respond to Plaintiffs' complaint in conformance with Rule 8(b). The Court further finds that Plaintiffs' conduct in bringing the Motion to Strike Certain Paragraphs and Affirmative Defenses to Ford Motor Company's Answer is not sanctionable.

**IV. CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiffs' Motion to Strike Certain Paragraphs and Affirmative Defenses to Defendant Ford Motor Company's Answer **[Docket No. 97, filed September 26, 2008]** is **GRANTED**. Defendants have twenty-one days from the entry of this order to file an amended answer to Plaintiffs' Third Amended Complaint and Jury Demand **[Docket No. 95, filed August 4, 2008]**.

/s/ Denise Page Hood

Denise Page Hood

United States District Judge

Dated: September 30, 2009