# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

               Plaintiff,            CA: 21-11346

-vs-

                                          HON:MATTHEW F. LEITMAN
                                          MAG. DAVID R. GRAND

JORDAN RIECK; IAN HOWARD;
AARON KOWALSKI; CRAIG
WHITE; and ROBERT ALLEN
MCLEAN, in their individual
capacities for monetary damages;
and THE CITY OF MADISON
HEIGHTS, Michigan,

               Defendants.

_____ /

| | |
|---|---|
| Scott Andrew Witzke | ROSATI SCHULTZ JOPPICH |
| In Pro se | & AMTSBUECHLER PC |
| 336 N. Saginaw Street | By:  Holly S. Battersby  (P72023) |
| Pontiac, MI | Margaret T. Debler (P43905) |
| (734) 600-2446 | Attorneys for Defendants Rieck, |
| scottawitzke@gmail.com | Howard, Kowalski and White |
| | 27555 Executive Drive, Ste. 250 |
| Mary A. Waddell (P70545) | Farmington Hills, MI  48331 |
| Assistant Attorney General | (248) 489-4100 |
| Attorney for Defendant McLean | hbattersby@rsjalaw.com |
| State Operations Division | mdebler@rsjalaw.com |
| PO Box 30754 | |
| Lansing, MI  48909 | |
| (517) 335-7573 | |
| Waddellm1@michigan.gov | |

_____ /

## AFFIDAVIT OF CRAIG WHITE

**STATE OF MICHIGAN**    ]
                                 ] **ss.**

**COUNTY OF OAKLAND**   ]

I, Craig White, depose and state as follows:

1.      This Affidavit is based on my personal knowledge and, if sworn as a witness, I would testify as to the matters hereinafter set forth.

2.      I am currently employed as a Road Patrol Supervisor with the City of Madison Heights and, on July 30, 2019, was assigned as an undercover detective with the Madison Heights Special Investigations Unit ("SIU").

3.      On that date, I was working in an undercover capacity with the SIU, surveilling for narcotics activity in the area of Lincoln and Stephenson in the City of Madison Heights, based on information provided to us that a narcotics dealer, John Doe1, would be in that area as a passenger in a black Ford Fusion (license plate number provided), with a male driver who was unknown to us at that time.

4.      I remained in the area until the Ford Fusion drove through at about 4:00 p.m. and then I, along with other members of the SIU, followed the Fusion to conduct surveillance in furtherance of our drug investigation.

5.      We followed the Fusion to its destination at a trailer park in Lansing, where John Doe lived.

---

1 The name "John Doe" is used as Plaintiff served as a confidential informant in an arrest against this individual.

2

6.     I again set up surveillance on Doe and saw him retrieve a black duffle bag from the trunk of the Fusion before entering his trailer.

7.     At about 8:00 p.m., Plaintiff Scott Witzke emerged from the trailer and got into a black Chevy Malibu in the driveway of Doe's residence.

8.     Doe entered the Malibu as well, where he and Plaintiff remained for several minutes before Doe exited the vehicle and went back into his trailer.

9.     At that time, Plaintiff left the residence, entering onto I-96E as the SIU followed.

10.    I observed Plaintiff weaving in and out of lanes and driving erratically as he proceeded on the highway.

11.    Dispatch had run Plaintiff's license plate through the Law Enforcement Information Network ("LEIN") and advised over the police radio that the Malibu he was driving was stolen out of Ohio.

12.    With that information, I contacted the Michigan State Police and requested that a trooper stop Plaintiff based his operation of a stolen vehcile.

13.    At I-696E, near Orchard Lake, I observed a Michigan State Trooper pull Plaintiff over and place him in the back of a police vehicle.

14.    I observed the scene from a distance and a Michigan State Trooper came over to speak to me, advising me that methamphetamines had been located in Plaintiff's trunk after an inventory search, prior to impounding the vehicle.

3

15.     I was advised that Plaintiff would be transported to the MSP Metro

North Post, but could not be lodged there, so I requested that dispatch send a

uniformed Madison Heights officer to go to the Metro North Post.

16.     It is my understanding that Plaintiff was turned over from MSP

custody to the custody of the Madison Heights police at the Metro North Post

based on Trooper McLean's arrest on I-696; no new arrest was made by any

Madison Heights officer.

17.     After Plaintiff was booked, I had some contact with him during Det.

Rieck's interview inside the Madison Heights interview room.

18.     Plaintiff made clear that he wanted to speak with us and wanted to

work as a confidential informant.

19.     Det. Rieck and I explained to Plaintiff that if he provided information

that led to three narcotics arrests, we would see that no charges were brought

against him in relation to his July 30, 2019 arrest.

20.     After speaking to Plaintiff on the evening of July 30, 2019, I had no

further contact with Plaintiff during his detention in the Madison Heights lockup.

21.     I later learned that he was released from Madison Heights' custody

after information that he provided led to the successful arrest of John Doe on

August 2, 2019.  However, he subsequently failed to provide information leading

to the other two narcotics arrests, as promised, so he was eventually charged in

relation to his July 30, 2019 arrest.


Further affiant sayeth not.

_____
CRAIG WHITE

Subscribed and sworn to before me on
this ___/___ day of _March_____, 2023

_____

Notary Public, _macomb Co /acting in Oakland_ Co, MI
My Commission Expires: _Feb 23, 2027_

Ellen M Snyder
NOTARY PUBLIC - STATE OF MICHIGAN
County of Macomb
My Commission Expires February 23, 2027
Acting in the County of _Oakland_

5