# EXHIBIT K

# SEARCH WARRANT

State of Michigan   )
                    )SS
County of Oakland   )

To the Sheriff or any peace officer of said county:

**AN AFFIDAVIT** having been sworn to by the affiant, Det. Jordan Rieck before me this date, based upon the facts as stated therein, probable cause having been found, in the name of the people of the State of Michigan, I command that you search the following described place:

All rooms, compartments, crawl spaces, hallways, storage areas, porches and any attic or basement accessible therefrom, vehicles, detached garage and the entire curtilage of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ being a single family, single story residence. The residence is located on the northeast corner of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The residence has tan siding with white trim. The numerals ▮▮▮ are black in color and are affixed to the siding. The front entry door is white in color and faces south. The driveway is to the west side of the residence with a video camera facing the driveway.

Further to be searched is a 2016 Ford Fusion black in color, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Therein to search for, seize, secure tabulate and make return according to law, the following property and things:

Methamphetamine or any illegal drugs, records, books, receipts, notes, ledgers, personal diaries, telephone and address books, supplier and customer lists, and other papers pertaining to the transportation, ordering, purchase and distribution of controlled substances, in particular Methamphetamine; Including but not limited to documents, videotapes and computer disks; Proofs of residency and /or articles of dominion and control, such as but not limited to utility bills, correspondences, rent receipts and keys to the premise; Pre-recorded investigative funds and any illegal drug proceeds; Receipts for items evidencing the expenditure of the proceeds of drug distribution including clothing, furniture, jewelry, and electronic equipment; Weapons, including firearms, and ammunition used or maintained to protect or facilitate illegal narcotics trafficking; Telephones, portable or mobile, and paging devices; Photographs, in particular, of co-conspirators, of assets, and/or controlled substances, in particular, Methamphetamine.

**IT IS FURTHER ORDERED** that any cell phones or computers or other devices capable of digital or electronic storage seized by authority of this search warrant shall be permitted to be searched by the Oakland County Sheriff's Computer Crime Lab or any investigator assigned to this case, and any data that is able to be retrieved there from shall be preserved and recorded.

# SEARCH WARRANT AFFIDAVIT

State of Michigan      )
                       ) SS
County of Oakland      )

Detective Jordan Rieck, Affiant, being first duly sworn on oath deposes and says:

(1) That the following property constitutes evidence of criminal conduct:

   Methamphetamine or any illegal drugs, records, books, receipts, notes, ledgers, personal diaries, telephone and address books, supplier and customer lists, and other papers pertaining to the transportation, ordering, purchase and distribution of controlled substances, in particular Methamphetamine; Including but not limited to documents, videotapes and computer disks; Proofs of residency and /or articles of dominion and control, such as but not limited to utility bills, correspondences, rent receipts and keys to the premise; Pre-recorded investigative funds and any illegal drug proceeds; Receipts for items evidencing the expenditure of the proceeds of drug distribution including clothing, furniture, jewelry, and electronic equipment; Weapons, including firearms, and ammunition used or maintained to protect or facilitate illegal narcotics trafficking; Telephones, portable or mobile, and paging devices; Photographs, in particular, of co-conspirators, of assets, and/or controlled substances, in particular, Methamphetamine

   Affiant further says that the above mentioned property is located at the following described place:

   All rooms, compartments, crawl spaces, hallways, storage areas, porches and any attic or basement accessible therefrom, vehicles, detached garage and the entire curtilage of ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ being a single family, single story residence. The residence is located on the northeast corner of ▮▮▮▮▮▮ ▮▮▮▮ ▮▮▮ ▮▮▮▮▮. The residence has tan siding with white trim. The numerals ▮▮▮▮ are black in color and are affixed to the siding. The front entry door is white in color and faces south. The driveway is to the west side of the residence with a video camera facing the driveway.

   Further to be searched is a 2016 Ford Fusion black in color, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(2) Affiant further states that he has probable cause to believe the above listed property to be searched for and seized is now located upon said described premises, based upon the following facts:

   (A) That Affiant is a sworn Detective with the Madison Heights Police Department in the County of Oakland, State of Michigan, currently assigned to the Madison Heights Special Investigations Unit, and has been employed as a police officer for the past 7 years.

   (B) That Affiant has received specialized training in narcotics investigation, narcotics interviewing, drug recognition and residue recognition through Macomb Police Academy, Surveillance School, In-Service Training, Narcotics Interviewing, and Narcotics identification.

   (C) Affiant has conducted numerous drug investigations into the sale, manufacture, transportation and distribution of controlled substances while working as a Police Officer the last 7 years.

    (D) That Affiant is the officer in charge of a narcotics investigation at ███████████████████████████████████████

    (E) That Affiant received information from a confidential informant "CI" that ███████ known to CI as a methamphetamine trafficker he would be in the area of Lincoln and Stephenson Hwy on July 30th, 2019.

        a. That CI stated that ███████ does not drive and usually gets a ride from his roommate
        b. That ███████
        c. That the CI identified ███████ as the owner of a black Ford Fusion.
        d. That CI has purchased methamphetamines from ███████ numerous times and he has purchased methamphetamine at the residence located at ███████
        e. That CI further stated ███████ has connections in Las Vegas & Ohio where he is receiving the Methamphetamine.
        f. That CI further stated that ███████ always has Methamphetamine inside of his residence for use based on conversation.

(3) That the investigation was continued and the following actions were taken:

    (A) That Affiant checked L.E.I.N., S.O.S., and a public entity search as well as criminal records of the Michigan State Police, and determined the following:

    (B) That ███████████████████████████████████████

    (C) That ███████ was arrested in Tampa, Florida for Misdemeanor 1st Degree, Narcotic Equip – Possess, Pled Guilty/Convicted (2006-06-15).

    (D) That ███████ was arrested in Tampa, Florida for Felony 3rd Degree, Possession of Controlled Substance, Guilty / Convicted (2006-06-15).

    (E) That ███████ Per/LEIN has a 2016 Ford Fusion, MI ███████ registered to him.

    (F) That on 07/30/2019 Madison Heights Special Investigations Unit set up surveillance in the area of ███████████████████████████████████████

        a. That at 1530 hours Affiant was notified by a confidential informant that ███████ and ███████ were in Madison Heights.
        b. Det. Sgt. White located a black Ford Fusion ███████ near ███████
        c. PER LEIN/SOS MI ███████ registers to ███████
        d. The Ford Fusion was occupied by two w/m's.
        e. Affiant positively identified the driver by using a MDIRS photo as ███████
        g. Affiant positively identified the passenger by using a MDIRS photo as ███████
        h. Madison Heights SIU then surveilled the Ford Fusion occupied by ███████
        i. Det. Sgt. White then observed ███████ retrieve a duffle bag from the trunk of the Ford Fusion and then enter ███████
        i. Affiant then observed a w/m later identified Scott Witzke and ███████
        j. Both individuals spoke for a few minutes, and Scott Witzke left in a blue Chevy Malibu ███████ at 1956 hours.
        k. PER NCIC ███████ came back out of OHIO as a stolen vehicle.

l. At approximately 2050 hours Michigan State Police conducted a traffic stop on the Chevy Malibu ▮
m. Trooper McLean subsequently arrested the driver Scott Andrew Witzke.
n. During the inventory search of the vehicle a bag was recovered from the trunk containing 11.3 grams of Methamphetamine, packaging, and digital scale.
o. That MSP turned over methamphetamine and vehicle over to Madison Heights Police Department.
p. The Methamphetamine was field tested by Det. Sgt. White which indicated positive results for Methamphetamine.

(G) That on 07/30/2019 Affiant and Det. Walker interviewed Scott Andrew Witzke who waived his Miranda Rights and provided the following information;

a. That Witzke admitted leaving ▮ residence.
b. That the methamphetamine's found in the vehicle that Witzke's was driving was purchased from ▮
c. That ▮ sells large amounts of methamphetamine to multiple persons.
d. That Witzke is supposed to buy 2oz of methamphetamine from ▮ on 7/31/2019
e. That ▮ has received large amounts of methamphetamine over the last few days from Las Vegas.
f. On 08/01/2019 during a conversation with Det. White Scott Witzke stated he gave ▮ ▮ $600.00 toward the Methamphetamine being delivered on 08/02/2019.

(H) That on 07/31/2019 Affiant learned from Postal Inspector ▮ that ▮ has a package being delivered from Las Vegas, Nevada on 08/02/2019.

a. The package was sent from Las Vegas, Nevada to ▮
b. The package is addressed to the address of ▮
c. The package tracking number is ▮
d. The package weighs approximately 2.2 pounds.
e. The Postal Inspector stated 9 similar packages have been delivered to ▮ From Las Vegas, Nevada addressed to ▮ over the past month.

(I) Affiant anticipates that on 08/02/2019 the following will occur reference the above package :

a. That Postal Inspector will deliver the package suspected to be Methamphetamine to the residence of ▮
b. That occupant of the residence will take custody of the package.
c. The search warrant will be executed.

(4) That the Affiant believes the confidential informant to be reliable and /or credible for the following reasons:

(A) The C.I. was cooperating voluntarily.

(B) That C.I. has provided information several times in the past to Detectives.

(C) The affiant believes the C.I. was/is telling the truth based on his own observations.

(D) That the C.I.'s forthcoming statements indicating prior involvement in illegal narcotics purchases are against his/her penal interest.

(E) That the C.I. provided information about ▮ that was proven to be valid through LEIN/SOS.

(5) That based upon Affiant's training and experience, he knows the following:

(A) That evidence of dominion and control over the items to be searched for may be located upon the premises or further that said evidence is relevant to the identity of the possessor of the alleged contraband including but not limited to utility bills, licenses, rent receipts and keys to the premises.

(B) That persons trafficking in controlled substances often record their transactions or otherwise document there narcotic trafficking activities including but not limited to documents, videotapes, and or computer disks.

(C) That persons trafficking in controlled substances may possess raw materials and equipment such as scales, testers and packaging materials, which are used in weighing, packaging, storage, processing, protecting, and or manufacturing of controlled substances.

(D) That due to the nature of the criminal transaction the evidence to be searched for is small enough in size so as to enable it to be hidden or concealed within the clothing of any occupant of the residence or vehicles to be searched.

(F) That persons trafficking in controlled substances employ various methods of security to facilitate the illegal activity including but not limited to alarms, gates and or weapons; And that said evidence as described in paragraphs above may be located upon the premises to be searched and is relevant to the ultimate determination of criminal charges that may result from the execution of this search warrant;

(6) That the execution of this search warrant is essential to the completion of the Affiant's investigation into alleged criminal violation of the Public Health Code of the State of Michigan.

**Affiant; Detective J. Rieck**

Subscribed and sworn to before me this first day of August, 2019

Time: 2:20 p.m.

Judge/Magistrate for the
43rd District Court
Oakland County, Michigan