# EXHIBIT M

STATE OF MICHIGAN

IN THE 47th JUDICIAL DISTRICT COURT

COUNTY OF OAKLAND

PEOPLE OF THE STATE OF MICHIGAN,

                                        Circuit Court No.

                                        20273785FH

v                                        District Court No.

SCOTT ANDREW WITZKE,            19MH6843FY

        Defendant.

_____/

ARRAIGNMENT

BEFORE THE HONORABLE, DISTRICT Magistrate Matthew M. Friedrich

    Farmington Hills, Michigan – Monday, December 2, 2019

APPEARANCES:
For the People:


For the Defendant:          Christopher Jarboa(P59507)
                                  PO Box 252534
                                  West Bloomfield, MI 48325
                                  (248)225-1998


RECORDED BY:               Anne Nelson, CER 7483
                                  Certified Electronic Recorder
                                  (248)871-2996

TRANSCRIBED BY:           Anne Nelson, CER 7483
                                  Certified Electronic Recorder
                                  (248)871-2996

TABLE OF CONTENTS

<u>WITNESSES: PEOPLE</u>                                                      <u>PAGE</u>

None

<u>WITNESSES:    DEFENDANT</u>

None

<u>EXHIBITS:</u>                                    <u>OFFERED</u>       <u>ADMITTED</u>

None

Farmington Hills, Michigan.

Monday, December 2, 2019 at 10:45 a.m.

THE COURT: Calling case number 19MH68430FY, State of Michigan versus Scott Andrew Witzke.

MR. JARBOA: Good morning, your Honor.

THE COURT: Good morning.

MR. JARBOA: For the record, Christopher Jarboa appearing on behalf of Mr. Witzke who stands to my right. Your Honor --

THE COURT: Go ahead.

MR. JARBOA: My apologies. Generally, I would ask that the -- we waive formal reading but in this case I would ask the Court read the allegation into the record so that there's no discrepancy between Court and Mr. Witzke.

THE COURT: Okay.

MR. JARBOA: And we'd like to enter a not guilty plea to the charge that's going to be read into the record.

THE COURT: I can do that.

MR. JARBOA: Thank you, your Honor.

THE COURT: And Mr. Witzke, would you, first of all, state your full name and current address please?

THE DEFENDANT: Officially, it's 6931 Ball Road, Romulus, Michigan 48174.

THE COURT: All right. And you are Scott Andrew

3

Witzke?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Mr. Witzke, I do have a complaint and warrant in the file. It looks like it was authorized by the Oakland County Prosecutor's Office. It does allege that on July 30th, 2019 in the City of Farmington Hills, County of Oakland, State of Michigan that you did possess or intend to deliver the controlled substance methamphetamine in violation of MCL333.7401(2)(b)(1). This is a felony offense punishable by up to 20 years in the Michigan Department of Corrections and/or a $25,000.00 fine unless you're sentenced to more than one year in prison there would be license sanctions under Michigan law.

That is the single charge in the complaint and warrant.

MR. JARBOA: Your Honor, we'd like -- we'd ask that a not guilty plea be entered with respect to that charge. And I know the Court is going to give Mr. Witzke a PCC date and an exam date sometime in the next couple of days or weeks. And I can address the bond concerns when you're ready for them, your Honor.

THE COURT: Very well. I will indicate, Mr. Witzke, that really there's no plea to be made given the charge but I will indicate that you're standing mute. It

4

means you're not saying anything regarding the charges. I will enter a not guilty plea on your behalf.

We are, as your attorney indicated, going to schedule a couple different court dates. Because you're charge with a felony in this case, you do have the right to have a preliminary examination within 21 days of today's court date. At that hearing it would be essentially, a preliminary hearing to determine if there's enough evidence to bind your case over for trial in the Oakland County Circuit Court.

Prior to that court date you will have a pre-exam or probable cause conference. We're going to give you two different court dates. Both of them are in front of Judge Parker. The first is going to be December 13th, of 2019 at 8:30 in the morning. That's the pre-exam or probable cause date. And then the exam will be scheduled tentatively for December 20th of 2019 at 9:00 a.m.

And I think we've already had you sign a notice?

THE DEFENDANT: Yes, your Honor. I acknowledge that.

THE COURT: Okay. Did we get the copies back?

MR. JARBOA: I believe you have, your Honor.

THE COURT: Perfect. Now, Mr. Witzke, that's the only written notice you're going to receive. However, if you'd like, we can and if you have a cell number we could

5

also have text messages sent out. Would you like that?

THE DEFENDANT: Yes, please.

THE COURT: And is the number 313-236-9000?

THE DEFENDANT: It is.

THE COURT: All right. So, we'll set that up in the system so you'll receive the text notifications also. I'm also going to note that you submitted a request for court appointed counsel. That will -- I'm going to note that on the file. That will be submitted to the Circuit Court. They'll appoint an attorney for you there.

THE DEFENDANT: Will I be notified before the probable cause hearing?

THE COURT: You know what? A lot of times you're not.

THE DEFENDANT: Okay.

THE COURT: If you contact the Court and I can't even tell you if the 47th would know because it's a felony case so it goes through the Circuit Court. But certainly you can make a phone call in advance of any court date just to check.

And addressing the issue of bond, Counsel, go ahead.

MR. JARBOA: Yes, your Honor. Mr. Witzke indicated to me that he's currently retired. He is disabled and has some health concerns.

Your Honor, I know that Mr. Witzke is going to advise

6

the Court that he's submitted either a brief or a motion relating to bond and his thoughts and the fact that he was in Federal Court on a matter relating to this case just last week, last Monday, according to Mr. Witzke.

That is something that I don't have any knowledge about. I've not seen that documentation but with respect to bond, I would ask for a personal bond. If he's gone through the effort of litigating this matter in Federal Court and has appeared today, I think that is a strong indication that he is ready and willing to defend himself in court. And given the fact that he feels so passionate about the allegations I don't think we're going to have any issues with Mr. Witzke returning to court.

I did advise him or did ask him if he wanted court appointed counsel. He indicated that he would like to request court appointed counsel and if he's able to afford counsel at some point he'd advise the Court.

So, that being said, I'd ask for a personal bond in the matter.

THE COURT: All right. The only question, I think, I have is as it relates to past criminal history. Mr. Witzke -- it appears he may have prior drug or alcohol offenses, is that accurate?

MR. JARBOA: Your Honor, I believe that there is a matter that he is currently -- that he's resolved out of

Ohio.

THE DEFENDANT: There has never been a prior drug or alcohol offense until Ohio was I was trying to put something together so that Ohio was resolved about a week and a half, two weeks ago.

THE COURT: And you're on probation in Ohio?

THE DEFENDANT: It's been stayed. It has not kicked in. I'm not on bond. I'm not on probation. So I don't know what you would call it.

THE COURT: Well, let me ask you this.

THE DEFENDANT: (unintelligible) 24 month community patrol --.

THE COURT: I want to be clear. Are they, I would assume, I'm looking for clarification from you that they, in fact, --

THE DEFENDANT: -- I have the general entry from the Ohio court.

THE COURT: Pardon me?

THE DEFENDANT: Attached to the brief is the exhibit called the general entry from the Ohio court which outlines the probation conditions and there's a TRO order from Judge Leitman in Flint attached to that brief also which explains some things.

THE COURT: All right. So, I'm looking at the journal entry from Ohio. What I'm going to do in this

8

case, Mr. Witzke is I did have a chance to read through the motion and the brief that you filed. I tend to look at things like this when you walk into court, despite the fact that this is a very serious felony case, when you walk in and you're ready to take responsibility for being in court if nothing else, I like to see people walk out.

So, my intention is typically to grant a personal bond unless I hear something compelling to the contrary. So, I don't see anything in this case that would suggest that a personal bond is not appropriate. It's going to be a high personal. It's going to be a $25,000.00 personal bond but you're not going to have to post any money.

I will, aside from standard bond conditions, I will indicate that you're not to use any alcohol, that you're not to use or possess any illicit drugs or mind or mood altering substances.

I'm going to order that you be supervised by Pretrial Services. I do that in every felony case. I, however, am not going to order any testing and I'm saying that because looking at the journal entry it appears that on your Ohio supervision they are going to be randomly testing you for drugs and alcohol.

THE DEFENDANT: Correct.

THE COURT: So, I don't want you to necessarily have to duplicate your efforts there. But Pretrial

9

Services will stay in touch with you and they can monitor the case too. Basically, they can monitor to make sure -- I will indicate as a condition also that you maintain compliance with -- let me make sure I -- Ohio --

THE DEFENDANT: Can the bond order read that I have permission to go back and forth to Cleveland as directed by the Cuyahoga County Department of Probation?

THE COURT: Yes, hold on a second. All right. Maintain compliance with Ohio probation/community control order including random tests for drug and alcohol.

Any other reason you have to go to Ohio or is it just for?

THE DEFENDANT: Just probation. I have an appointment on the 11th of December at 2:00 p.m. with the probation officer who is handling my case and we're going to do a case --

THE COURT: May travel to and from Ohio for court/probation obligations. Okay?

THE DEFENDANT: Thank you.

THE COURT: Anything else, Counsel?

MR. JARBOA: Nothing else, your Honor.

THE COURT: All right. You're all set.

MR. JARBOA: I appreciate you looking at that brief, your Honor.

THE COURT: Absolutely.

10

(At 10:54 a.m. proceedings concluded)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CERTIFICATE

STATE OF MICHIGAN    )

COUNTY OF OAKLAND    )

I, Anne Nelson, CER 7483, do hereby certify I transcribed the foregoing hearing on an arraignment consisting of 11 pages, is a complete, true, and accurate record of the proceedings and testimony taken in this case on Monday, December 2, 2019.

September 2, 2021

Anne Nelson, CER 7483
47th District Court
31605 W. Eleven Mile Road
Farmington Hills, MI 48336
(248) 871-2996